UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LARRY DONNELL WALLACE, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | 4:19-CV-02353-JMB |
| RICHARD JENNINGS, | ) | |
| Respondent, | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Larry Donnell Wallace's 28 U.S.C. § 2241 petition for writ of habeas corpus, which the Court has construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the petition will be summarily dismissed because petitioner has not exhausted his state remedies.

## **Background**

On October 2, 2015, petitioner was indicted on one count of second-degree murder, two counts of armed criminal action, one count of second-degree assault, and one count of leaving the scene of an accident. *State of Missouri v. Wallace*, No. 1522-CR02952 (22nd Cir., St. Louis City).[1] Petitioner pleaded guilty to all counts on June 5, 2017. That same day, he was sentenced to a total of ten years' imprisonment. The Circuit Judge noted on the sentencing order that petitioner was to receive credit toward his sentence from July 21, 2015 to October 1, 2015, before he was delivered to the City Justice Center. Furthermore, petitioner was to receive credit against his sentence for all

---

[1] Petitioner's case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of this public state record. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

time served in the City Justice Center. Petitioner did not file a direct appeal. He filed the instant action on August 14, 2019. (Docket No. 1).

## Construction of Petition as Arising Under 28 U.S.C. § 2254

The petition currently before the Court is filed on a 28 U.S.C. § 2241 form. As petitioner has already been convicted in state court, this Court has construed his petition as arising under 28 U.S.C. § 2254. This is because a person in custody pursuant to the judgment of a state court "can only obtain habeas relief through § 2254, no matter how his pleadings are styled." *Crouch v Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that not only was § 2254 an appropriate vehicle for state prisoner's claims, it was, "as a practical matter, the only vehicle").

## The Petition

Petitioner is an inmate currently incarcerated at the Missouri Eastern Correctional Center (MECC) in Pacific, Missouri. His petition contains four grounds for relief. (Docket No. 1 at 6-7). Each ground pertains to petitioner's contention that he was not given credit against his sentence for time spent in custody between July 20, 2015 and November 19, 2015, when he was being held in Illinois on a Missouri detainer. (Docket No. 1 at 7).

## Discussion

As noted above, petitioner has filed a petition for writ of habeas corpus, alleging that he did not receive the proper credit against his sentence for time he served in custody before pleading guilty. For the reasons discussed below, petitioner has not exhausted his state remedies, and his petition will be summarily dismissed.

A. **Exhaustion of State Remedies**

It is well established that a petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v.*

*Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). The exhaustion requirement provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claim in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). *See also Wayne*, 83 F.3d at 998 (stating that "[a]ll that is required to satisfy the exhaustion requirement is that the federal claims be fairly presented to the state courts in one full round of litigation"). This requires a petitioner to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

In his petition, petitioner notes that he filed an IRR with the MECC records department. (Docket No. 1 at 2). Following that, he appealed to A.K. Rajput of the Investigating Staff. Next, he filed an offender grievance with the warden of MECC, Jennifer Sachse. (Docket No. 1 at 3). Finally, petitioner states that he filed an offender grievance appeal with Deputy Division Director Jeff Norman of the Missouri Department of Corrections.

At no point does petitioner indicate that he filed an action in state court to address the allegations in his petition. In its own review of petitioner's state court records, the Court has been unable to find any such action filed by petitioner in state court. As noted above, to exhaust state remedies, petitioner must fairly present his claim in each appropriate state court. *See Nash*, 807 F.3d at 898. That is, he must complete one full round of state court litigation before seeking relief in federal court. *See Wayne*, 83 F.3d at 998. This provides the state with the necessary "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin*, 541 U.S. at 29. Petitioner has not demonstrated that he has exhausted his state remedies before filing the instant action.

### B. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, as discussed above, petitioner has failed to exhaust his state remedies before pursuing federal habeas relief. *See* 28 U.S.C. § 2254(b)(1). Therefore, it plainly appears that petitioner is not currently entitled to relief and his petition must be denied and dismissed.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

### D. Motion to Proceed in Forma Pauperis

4

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus (Docket No. 1) is **DENIED AND DISMISSED** for failure to exhaust state remedies. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 6th day of January, 2020.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE